UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: BKY No. 09-50779

Dennis E. Hecker,

    Debtor.

---

Randall L. Seaver, Trustee,      ADV No. 10-_____

    Plaintiff,

vs.

Dennis E. Hecker, James C. Gustafson,
Jamie Gustafson a/k/a Jamie Miller and
Jacob Holdings of Crosslake, LLC,

    Defendants.

## COMPLAINT

Randall L. Seaver, Trustee ("**Trustee**") of the Bankruptcy Estate of Dennis E. Hecker ("**Debtor**") as and for his Complaint against Defendant Dennis E. Hecker ("**Debtor**") James Gustafson, Jamie Gustafson a/k/a Jamie Miller and Jacob Holdings of Crosslake, LLC, states and alleges as follows:

    1.    Trustee is the duly appointed Chapter 7 Trustee of the bankruptcy estate of the Debtor.

    2.    This bankruptcy case was commenced on June 4, 2009, by the filing of a voluntary Chapter 7 petition.

3. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §§157 and 1334 and Bankruptcy Rule 5005. This proceeding arises under 11 U.S.C. §§521(a)(4), 541 and 542.

4. At the time of filing, Debtor owned three substantial properties on Crosslake in Crosslake, MN through an entity known as Jacob Holdings of Crosslake, LLC. The three properties are known as:

    a. 11700 Cross Avenue, Crosslake, MN ("**Main Home**")

    b. 11706 Cross Avenue, Crosslake, MN

    c. 11614 Echo Bay Drive, Crosslake, MN

(collectively, the "**Crosslake Properties**").

5. On or about March 3, 2010, the Trustee obtained a judgment in Adv. No. 09-5043 determining that the personal property in and around the Main Home is property of the estate.

6. Debtor was required to turnover the personal property at the Main Home to the Trustee and, to date, has failed or refused to do so.

7. Upon information and belief, with the knowledge and consent of Dennis Hecker, Defendants James Gustafson and Jamie Gustafson a/k/a Jamie Miller, husband and wife, are exercising control of the Crosslake Properties.

8. The household goods and furnishings and personal property at and around the Crosslake Properties are property of the estate, have significant value and are not exempt assets.

9. The Trustee needs to obtain possession of the households goods and furnishings and all other personal property in and around the Crosslake Properties so that those items may be liquidated.

10. The Trustee has attempted to negotiate a sale of certain of the non-exempt personal property and other items to the Debtor, but has been unable to reach an agreement.

11. In addition to other personal property located in and around the Crosslake Properties, there is an extensive dock and boat lift system at the Main Home which has substantial value. In the judgment in Adv. Proc. No. 09-5043, the Court ordered the Debtor to turnover that dock and lift system and the same has not occurred. In fact, the Trustee has recently learned that, without the Trustee's knowledge or consent, the dock system has been placed in the water at Crosslake.

12. Demand has been made on criminal counsel for James Gustafson that Mr. Gustafson and his wife cooperate with the Trustee, and there has been no response. Upon information and belief, the Gustafsons plan further use of the Crosslake Properties and further intend to use property of the estate.

## COUNT I – TURNOVER

13. The personal property in and around the Crosslake Properties, including all dock and boat lift systems are all property of the bankruptcy estate pursuant to 11 U.S.C. §541.

14. The Defendants are required to surrender that property to the Trustee under 11 U.S.C. §521(a)(4).

15. The Trustee is entitled to immediate possession of the personal property including the dock and boat lift systems in and around the Crosslake Properties.

## COUNT II – INJUNCTIVE RELIEF

16. The Trustee realleges the foregoing paragraphs of this Complaint.

17. The Trustee believes that Defendants are in the possession or control of assets which are property of the estate.

18. The Court's intervention is required so as to prevent the estate from suffering irreparable harm by loss of the property.

19. The Trustee is entitled to relief of this Court pursuant to 11 U.S.C. §105 and Fed. R. Civ. P. 65 (incorporated into this proceeding by Bank. Rule 7065).

20. The Trustee requests that the Court enjoin Defendants from using, disposing, transferring, encumbering, secreting or destroying the property that is the subject of this Complaint.

21. The Trustee further requests that the Court enjoin Defendants and mandate that Defendants turnover the property that is the subject of this Complaint.

**WHEREFORE**, Plaintiff Randall L. Seaver, Trustee requests a Judgment of the Court:

1. Ordering the Defendants to immediately turnover and make available to the Trustee all personal property including, but not limited to, the dock systems and boat lifts, in and around the Crosslake Properties.

2. Ordering the Defendants to immediately provide the Trustee and his agents with access to the Crosslake Properties to take possession of and remove personal property including the dock systems and boat lifts in and around the Crosslake Properties.

3. Granting the Trustee an injunction, directing Defendants to disclose all property to the Trustee and to allow the Trustee access thereto and further enjoining Defendants from using, removing, concealing, disposing of or encumbering or transferring any personal property.

4. For such other and further relief as the court deems just and equitable.

| | LEONARD, O'BRIEN<br>SPENCER, GALE & SAYRE, LTD. |
|---|---|
| Dated: April 26, 2010 | /e/ Matthew R. Burton<br>By:_____<br>Matthew R. Burton, #210018<br>100 South Fifth Street, Suite 2500<br>Minneapolis, Minnesota 55402<br>Telephone: (612) 332-1030<br>Facsimile: (612) 332-2740<br><br>ATTORNEYS FOR RANDALL L. SEAVER, TRUSTEE |

420307