## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:  BKY No. 09-50779

Dennis E. Hecker,

    Debtor.

Randall L. Seaver, Trustee,  ADV No. 10-5016

    Plaintiff,

vs.

Dennis E. Hecker, James C. Gustafson,
Jamie Gustafson a/k/a Jamie Miller and
Jacob Holdings of Crosslake, LLC,

    Defendants.

## NOTICE OF HEARING AND EXPEDITED MOTION
## FOR PRELIMINARY INJUNCTION

    1.    Randall L. Seaver, Trustee ("**Trustee**") for the Bankruptcy Estate of Debtor Dennis E. Hecker ("**Debtor**"), by his attorneys, moves the Court for a preliminary injunction and gives notice of hearing.

    2.    The Court will hold a hearing on this motion at 2:00 p.m. on May 5, 2010, in Courtroom 8 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis, MN 55415.

    3.    As this Motion is brought on an <u>expedited basis</u>, any response to this Motion must be filed and served by delivery as soon as possible and suggestion is made that a response should be filed at least twenty-four (24) hours prior to the hearing. UNLESS A RESPONSE IS TIMELY SERVED AND FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. Debtor filed a Chapter 7 petition on June 4, 2009. The case is pending before this Court.

5. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, Bankruptcy Rule 5005, 7065 and 7005 and Local Rule 7005-3. This motion arises under Bankruptcy Rule 7065 and 11 U.S.C. §§542.

6. At the time of filing, Debtor owned three substantial properties on Crosslake in Crosslake, MN through an entity known as Jacob Holdings of Crosslake, LLC. The three properties are known as:

    a. 11700 Cross Avenue, Crosslake, MN ("**Main Home**")

    b. 11706 Cross Avenue, Crosslake, MN

    c. 11614 Echo Bay Drive, Crosslake, MN

(collectively, the "**Crosslake Properties**").

7. On or about March 3, 2010, the Trustee obtained a judgment in Adv. No. 09-5043 determining that the personal property in and around the Main Home is property of the estate.

8. Debtor was required to turnover the personal property at the Main Home to the Trustee. The property had not been turned over prior to April 29, 2010. Since Barbara May began representing the Debtor on April 29, she has indicated, on behalf of the Debtor, that access will be provided to the Trustee to pick up the personal property.

9. Upon information and belief, with the knowledge and consent of Dennis Hecker, Defendants James Gustafson and Jamie Gustafson a/k/a Jamie Miller, husband and wife, are exercising control of the Crosslake Properties.

10. The household goods and furnishings and personal property at and around the Crosslake Properties are property of the estate, have significant value and are not exempt assets.

Any persons using the Crosslake properties are making unauthorized use of the estate's personal property.

11. The Trustee needs to obtain possession of the households goods and furnishings and all other personal property in and around the Crosslake Properties so that those items may be liquidated.

12. The Trustee has attempted to negotiate a sale of certain of the personal property at the Main Home and other items to the Debtor, but the Trustee has not been tendered money on an offer which was made to him.

13. In addition to other personal property located in and around the Crosslake Properties, there is an extensive dock and boat lift system at the Main Home which has substantial value. In the judgment in Adv. Proc. No. 09-5043, the Court ordered the Debtor to turnover that dock and lift system. In fact, the Trustee has recently learned that, without the Trustee's knowledge or consent, the dock system has been placed in the water at Crosslake. Photographs of the newly-installed docks are attached hereto as Exhibit A.

14. Each of the Crosslake Properties has its own dock and lift system.

15. The Defendants are required to surrender the property pursuant to 11 U.S.C. §542.

16. The Trustee believes that the bankruptcy estate will suffer irreparable harm in the absence of a preliminary injunction protecting the Property.

17. Defendants have no interest in the Property.

18. At the hearing of this matter, the Trustee may testify about his investigation of the Property and his efforts to administer the same.

19. Expedited relief is required as (a) the personal property of the estate may be damaged, destroyed or converted absent a preliminary injunction and (b) the Trustee needs to obtain immediate turnover of the property so he can proceed with a sale of the personal property.

20. The Trustee requests that the Court issue a Preliminary Injunction for the following:

(a) Directing Defendants to immediately surrender to the Trustee the Property;

(b) Enjoining Defendants, their agents or assigns, from engaging in any use, sale, encumbrance, transfer, or concealment of the property, and from engaging in any activity which would result in the diminishment of value or depletion of the Property, or in the diminishment of value of the equity in the Property;

(c) Granting the Trustee an injunction, directing Defendants to disclose all property to the Trustee and to allow the Trustee access thereto and further enjoining Defendants from using, removing, concealing, disposing of or encumbering or transferring any personal property; and,

(d) For such other relief as the Court deems just.

**LEONARD, O'BRIEN SPENCER, GALE & SAYRE, LTD.**

Dated: April 29, 2010

By: /e/ Matthew R. Burton
Matthew R. Burton, #210018
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402
Telephone: (612) 332-1030
Facsimile: (612) 332-2740

ATTORNEYS FOR RANDALL L. SEAVER, TRUSTEE

# VERIFICATION

      I, Randall L. Seaver, Trustee for the Bankruptcy Estate of Dennis E. Hecker, the moving party named in the foregoing Notice of Hearing and Expedited Motion for a Preliminary Injunction, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on April 29, 2010

/e/ Randall L. Seaver
_____
Randall L. Seaver

420823





# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re: BKY No. 09-50779

Dennis E. Hecker,

    Debtor.

Randall L. Seaver, Trustee, ADV No. 10-5016

    Plaintiff,

vs.

Dennis E. Hecker, James C. Gustafson,
Jamie Gustafson a/k/a Jamie Miller and
Jacob Holdings of Crosslake, LLC,

    Defendants.

## MEMORANDUM IN SUPPORT OF MOTION
## FOR PRELIMINARY INJUNCTION (EXPEDITED)

### INTRODUCTION

Randall L. Seaver, Trustee ("**Trustee**") seeks a Preliminary Injunction: (1) directing Defendants to turnover personal property located in Crosslake, Minnesota, to the Trustee, and (2) enjoining Defendants from engaging in any activity which would diminish the value or deplete said property.

### FACTUAL BACKGROUND

Defendants possess personal property of the estate which is of significant value to the estate. Debtor has stated, for many months, that he would pay the Trustee for some of the personal property and has failed or refused to do so. Now, the Gustafsons appear to be exercising significant use and control of the personal property. Recently, without the knowledge

or consent of the Trustee, docks which are estate property, were put in the water at the main house.

## LEGAL ARGUMENT

The purpose of a preliminary injunction is to preserve the parties' status quo. A preliminary injunction will be granted upon a showing of irreparable injury and probable success on the merits. In order to obtain preliminary injunctive relief, the plaintiff must show:

1. A probability of success on the merits;

2. A threat of irreparable harm;

3. That the balance of hardships favors the plaintiff; and,

4. That granting preliminary relief favors the public interest.

*Data Phase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). In this case, the Trustee's motion meets all the requirements for issuance of a preliminary injunction.

**A. Likelihood of Success on the Merits of the Claim for Turnover of Estate Assets under 11 U.S.C. §542(a).**

In this case, the Trustee seeks injunctive relief to protect the estate's interests in nonexempt property.

Defendants are required to surrender the property pursuant to 11 U.S.C. §521(a)(4). The Trustee can obtain the turnover of property of the estate under 11 U.S.C. §542(a) which states in relevant part:

> Except as provided in subsection (c) or (d) of this section, an entity, other that a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

The Trustee will certainly prevail on his §542 claims.

### B. Irreparable Harm.

In the absence of a preliminary injunction order, Defendants or their agents and assigns could transfer or encumber the property or it could be lost or stolen or damaged by the defendants' unauthorized use of the property. Accordingly, the estate faces irreparable harm.

### C. Balance of Harms.

A preliminary injunction will not harm Defendants. The personal property is property of the estate.

### D. Public Interest.

The public interest strongly favors injunctive relief. Injunctive relief would serve the public interest by preserving assets of this bankruptcy estate.

### E. Expedited Relief

Expedited relief is required as the property is property of the estate and is not Defendants to use or control.

For the above reasons, the Trustee respectfully requests that this Court issue a preliminary injunction.

**LEONARD, O'BRIEN SPENCER, GALE & SAYRE, LTD.**

Dated: April 29, 2010

By: /e/ Matthew R. Burton
Matthew R. Burton, #210018
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402
Telephone: (612) 332-1030
Facsimile: (612) 332-2740

ATTORNEYS FOR RANDALL L. SEAVER, TRUSTEE

420920

3

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:  BKY No. 09-50779

Dennis E. Hecker,

      Debtor.

---

Randall L. Seaver, Trustee,  ADV No. 10-5016

      Plaintiff,

vs.

Dennis E. Hecker, James C. Gustafson,
Jamie Gustafson a/k/a Jamie Miller and
Jacob Holdings of Crosslake, LLC,

      Defendants.

## AFFIDAVIT OF RANDALL L. SEAVER, TRUSTEE

STATE OF MINNESOTA   )
                                 ) ss.
COUNTY OF DAKOTA     )

    1.    I am the Trustee in the above matter and have personal knowledge of the facts contained herein.

    2.    Since the commencement of this case, I have walked through the Crosslake properties, had photographs taken of the interiors and personal property therein and seen inventories of the same.

    3.    Mr. Hecker has indicated an interest in having the personal property at the Crosslake properties purchased from the estate, but no funds have been tendered to me. It appears that people other than Mr. Hecker are using the estate's personal property in the

Crosslake homes. I believe that injunctive relief is necessary to put an immediate halt to unauthorized use of estate property. Estate property may be damaged or destroyed through that unauthorized use.

4. The estate owns the docks at Crosslake, as the $25,000.00 sale to Mr. Hecker was never consummated. I have learned that someone, without my knowledge or consent, has put a portion of the dock in Crosslake.

5. It is my intention to proceed with a sale of the personal property at Crosslake as soon as I am able. I believe the start of the summer season is the best time to conduct such a sale.

6. I have a sale of various items including boats and motorcycles set for May 25, 2010 in New Germany, Minnesota, to be conducted by Fred Radde. Those auction items are separate from the Crosslake personal property which is the subject of this action.

7. I believe that the estate may suffer irreparable harm if a preliminary injunction is not issued because estate property could be damaged or become unavailable.

**FURTHER YOUR AFFIANT SAYETH NOT.**

/e/ Randall L. Seaver

_____
Randall L. Seaver

420923

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In re: BKY No. 09-50779

Dennis E. Hecker,

       Debtor.

_____

Randall L. Seaver, Trustee, ADV No. 10-5016

       Plaintiff,

vs.

Dennis E. Hecker, James C. Gustafson,
Jamie Gustafson a/k/a Jamie Miller and
Jacob Holdings of Crosslake, LLC,

       Defendants.

_____

## UNSWORN CERTIFICATE OF SERVICE
_____

I hereby certify that on April 29, 2010, I caused the following documents:

***Notice of Hearing and Expedited Motion for Preliminary Injunction, Memorandum in Support of Motion for Preliminary Injunction, Affidavit of Randall L. Seaver and Order (proposed)***

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

I further certify that I caused the same to be mailed by first-class mail or e-mailed, to the following:

Dennis E. Hecker
1615 Northridge Drive
Medina, MN 55391

James C. Gustafson
10514 – 106th Place North
Maple Grove, MN 55369

Jamie Gustafson a/k/a Jamie Miller
10514 – 106th Place North
Maple Grove, MN 55369

Jacob Holdings of Crosslake, LLC
Attn: Officer/Managing Agent
500 Ford Road
Minneapolis, MN 55426

Barbara J. May
2780 N. Snelling #012
Roseville, MN 55113
babsjmay7@aol.com

Brian Toder, Esq.
Chestnut Cambronne
17 Washington Avenue North, Suite 300
Minneapolis, MN 55401-2048
btoder@chestnutcambronne.com

John Neve, Esq.
Neve Law, PLLC
8500 Normandale Lake Blvd., Suite 1080
Minneapolis, MN 55437
jneve@nevelaw.com


Dated: April 29, 2010

/e/ Stephanie Wood
_____
Stephanie Wood
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030

421072

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: BKY No. 09-50779

Dennis E. Hecker,

       Debtor.

Randall L. Seaver, Trustee, ADV No. 10-5016

       Plaintiff,

vs.

Dennis E. Hecker, James C. Gustafson,
Jamie Gustafson a/k/a Jamie Miller and
Jacob Holdings of Crosslake, LLC,

       Defendants.

## ORDER

This matter came before the court on the motion of Randall L. Seaver, trustee for a preliminary injunction.

Based upon all the files, records and proceedings herein,

The court finds that the personal property located at 11700 Cross Avenue, Crosslake, MN, 11706 Cross Avenue, Crosslake, MN and 11614 Echo Bay Drive, Crosslake, MN are property of the bankruptcy estate and that defendants are wrongfully exercising dominion and control over the same.

THEREFORE IT IS ORDERED:

1.    The trustee's request for expedited relief is granted.

2. Defendants and their agents or assigns, are directed to immediately deliver to the trustee all personal property located at 11700 Cross Avenue, Crosslake, MN, 11706 Cross Avenue, Crosslake, MN and 11614 Echo Bay Drive, Crosslake, MN.

3. Defendants, their agents or assigns, are enjoined from engaging in any use, sale, encumbrance, transfer, agreement or engaging in any activity which would result in the diminishment of value or depletion of the personal property, or in the diminishment of value of the equity value of the bankruptcy estate property.

4. Defendants are to immediately provide the trustee and his agents with access to the Crosslake properties to take possession of and remove personal property including the dock systems and boat lifts in and around the Crosslake properties.

5. This preliminary injunction shall remain in effect until a trial is held in this adversary proceeding or until further order of this Court.

Dated: _____

_____
United States Bankruptcy Judge

420922